9 F.3d 978
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jose R. GUZMAN-ZAYAS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7078.
 United States Court of Appeals, Federal Circuit.
 Aug. 26, 1993.
 
 Before LOURIE, Circuit Judge, BENNETT, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Jose R. Guzman-Zayas' appeal for lack of jurisdiction. Guzman-Zayas has filed a response.
 
 
 2
 The Court of Veterans Appeals issued an order remanding this case to the Board of Veterans Appeals to translate certain documents in the claims file from Spanish into English and to readjudicate the case. On June 2, 1993, Guzman-Zayas filed a document in the Court of Veterans Appeals stating that "I the appellant, veteran, Jose R. Guzman Zayas, on this date, May 19, 1993, file with the clerk of this court, to remand this case, to the UNITED STATES COURT OF APPEALS, FOR THE FEDERAL CIRCUIT." The Court of Veterans Appeals treated that document as a notice of appeal.
 
 
 3
 In his informal brief, Guzman-Zayas states that "[i]t was not my intention ... to appeal the deci[s]ion of the UNITED STATES COURT OF VETERANS APPEALS." Guzman-Zayas states that he feared that if he did not file an appeal, and the Board failed to act within the time limitation for appeal, that he would not have the "opportunity for a reconsideration or review in this case." Guzman-Zayas also argues that certain factual conclusions at the Board were wrong and that certain procedures were improper at the Board and the Court of Veterans Appeals. Guzman-Zayas requests that this court issue a decision concerning his service connection.
 
 
 4
 In Travelstead v. Derwinski, 978 F.2d 1244 (Fed.Cir.1992), we stated that, although orders remanding to an administrative agency for further proceedings are not normally final or appealable, a remand order may be recognized as final to insure that the court of appeals will be able to review an important legal question that the remand made effectively unreviewable. Travelstead, 978 F.2d at 1249.
 
 
 5
 Here, that concern is not applicable. Guzman-Zayas may appeal from any future adverse decision of the Board to the Court of Veterans Appeals and, if appropriate, may then appeal to this court. Further, it appears that Guzman-Zayas may not have intended to appeal.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.